J-S43034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | |
| MICHAEL BURROWS | No. 88 WDA 2017 |

Appeal from the Judgment of Sentence December 16, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001414-2014

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD:    FILED: October 31, 2017

The Commonwealth takes this appeal from the judgment of sentence entered in the Erie County Court of Common Pleas. The Commonwealth claims that the trial court's sentencing order was illegal because it failed to impose laboratory fees and limited the total costs to $2,500.00. We affirm.

The procedural history of this appeal is as follows. On October 24, 2016, Appellee, Michael Burrows, pleaded guilty but mentally ill to one count of murder of the third degree[1] for killing his mother. At the sentencing hearing on December 16, 2016, the Commonwealth requested the imposition of $9,891.70 for the total cost of the prosecution, which included

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 314, 2502(c).

$7,145.00 for the Pennsylvania State Police's laboratory user fee.[2]  *See* R.R. 9a, 29a.  The trial court, over the Commonwealth's objection, stated that it would impose $2,500.00 in total costs and fees due to Appellee's expected ability to pay and possible constitutional violations.   The trial judge explained:

> I'll impose all those [costs and fees] at 1414 of 2014.  But I'm also going to find that the imposition of these fines, though I've [ordered] them, would violate—the collection of them would violate the Constitution.  [Appellee] has an IQ of 65.  He will never—if outside of prison—make enough of a living to pay those sums to the Commonwealth.  And it's wrong to impose these costs without concluding that [Appellee] actually has any real possibility of paying them.  They would just languish over his head forever and prevent a fresh start.
>
> So, I've imposed them, but I'm also finding the collection of them would violate the Constitution given what I perceive his earning capacity and power is in the current world, it's just not going to happen.
>
> No, I'm going to do something different, I'm going to limit them to $2,500 in terms of collection.  I want to impose something on him, but I don't want to basically bury him under a litany of fees so that when he's out, these will—he's going to have enough issues on his plate.

---

[2] The trial court described the Commonwealth's requests for costs and fees as follows: (1) $2,417.00 for blood testing; (2) $7,145.00 for DNA testing; (3) $247.00 for transcription fees; and (4) $82.70 for constable fees.  The Pennsylvania State Police's laboratory user fee statement was not made part of the certified record, but was included in the Commonwealth's reproduced record.  Appellee did not object to the accuracy of the reproduced record.  Therefore, we consider the documents contained in the reproduced record. *See Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

N.T. Sentencing Hr'g, 12/16/16, at 22-23. The trial court sentenced Appellee to twelve to twenty-five years' imprisonment, followed by fifteen years' special supervised probation, with Appellee to pay costs.[3]

Appellee filed a post-sentence motion, which the trial court denied on January 11, 2017. The Commonwealth did not file a post-sentence motion, but timely appealed on January 12, 2017, and filed a court-ordered Pa.R.A.P. 1925(b) statement challenging the trial court's limitation of costs to $2,500.00. The trial court filed an opinion suggesting that 16 P.S. § 1403 permitted it reject the Commonwealth's request for costs and no statutory provision precluded its discretion in limiting the total costs and fee. Trial Ct. Op., 2/7/17, at 3. This appeal followed.

The Commonwealth presents the following question for review:

> Did the [trial] court err in failing to impose, as part of the sentence, all necessary expenses, i.e., all lab fees, incurred by the district attorney in the investigation and prosecution of this case, as part of the case?

Commonwealth's Brief at 4.

The Commonwealth argues that "[t]he plain language and plain meaning of 16 P.S. § 1403, 42 Pa.C.S. [§§] 9728[4] and []1725.3 suggest

---

[3] The written sentencing order states that Appellee "will pay costs" and "shall pay supervision fees/administrative costs per month/payment plan." Sentencing Order, 12/16/16. The order does not contain the trial court's intended $2,500.00 limit on costs and fees or direct an installment plan, but a December 22, 2016 docket entry indicated "Penalty Assessed (LAB Fees not to exceed $2,500.00). Docket, CP-25-CR-0001414-2014, at 17.

that payment of these expenses[, *i.e.*, the collection of physical evidence, serology testing and DNA analysis,] is mandatory and thus, not a discretionary aspect of sentencing." *Id.* at 9. Moreover, the Commonwealth contends that those expenses were necessary because they were "essential in the identification of [Appellee] and the investigation and prosecution of the case[.]" *Id.* at 8. Thus, the Commonwealth concludes that "[t]he failure to impose all necessary costs in this case, specifically the laboratory fees, rendered the sentence illegal and . . . in error." *Id.* at 9. For the reasons that follow, we conclude that no relief is due because the Commonwealth's challenge goes to the discretionary aspects of the sentence rather than its legality.

"The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Garzone**, 993 A.2d 306, 316 (Pa. Super. 2010) (citation and quotation marks omitted). Moreover, this Court may review a question regarding the legality of the sentence *sua sponte*. **Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*).

The relevant statutes governing the costs of prosecution and laboratory fees are as follows:

---

[4] Section 9728 "provides the procedural mechanism for the collection of court costs and fines." **Commonwealth v. LeBar**, 860 A.2d 1105, 1109 (Pa. Super. 2004) (citation and quotation marks omitted).

### § 1403. Expenses incurred by district attorney

All necessary expenses incurred by the district attorney or his assistants or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

16 P.S. § 1403.

### § 1725.3. Criminal laboratory and paramedic user fee

**(a) Imposition.—**A person who . . . is convicted of a crime as defined in 18 Pa.C.S. § 106 (relating to classes of offenses) . . . shall, in addition to any fines, penalties or costs, in every case where laboratory services were required to prosecute the crime or violation, be sentenced to pay a criminal laboratory or paramedic user fee which shall include, but not be limited to, the cost of sending a laboratory technician or paramedic to court proceedings.

**(b) Amount of user fee.—**

(1) The director or similar officer of the county laboratory or emergency medical services agency that has provided services in the prosecution shall determine the actual cost of the laboratory or paramedic services provided in the prosecution and transmit a statement for services rendered to the court.

(2) If a Pennsylvania State Police laboratory has provided services in the prosecution, the director or similar officer of the Pennsylvania State Police laboratory shall determine the actual cost of the laboratory services provided in the prosecution and

transmit a statement for services rendered to the court.

\*\*\*

**(d) Other laws.**—The criminal laboratory and paramedic user fee shall be imposed notwithstanding any other provision of law to the contrary.

42 Pa.C.S. § 1725.3(a)-(c), (d).

Additionally, Pennsylvania Rule of Criminal Procedure 706 states:

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court

> finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

The language of Section 1403 and 1725.3 is mandatory and does not provide for consideration of a defendant's ability to pay prior to the imposition of the district attorney's costs or the laboratory user fee. Therefore, Rule 706 provides the procedures affording constitutional protections for indigent defendants. *See Commonwealth v. Hernandez*, 917 A.2d 332, 336-37 (Pa. Super. 2007) (discussing interplay between Rule 706 and Section 1403). This Court, however, has consistently held that Rule 706 does not require a **hearing** on a defendant's ability to pay when costs are imposed. *See id.* at 337; *see also Commonwealth v. Childs*, 63 A.3d 323, 325-26 (Pa. Super. 2013) (applying *Hernandez* to reject the claim that a defendant was entitled to a hearing on his ability to pay costs before the imposition of the costs of parole under 18 P.S. § 11.1102).

The Commonwealth's legality of sentence challenge thus turns on whether Rule 706(C) permits the trial court to consider the burden of costs and fees at the time of sentencing when determining the amount and method of payment. If Rule 706(C) does not apply at sentencing, then there is merit to the Commonwealth's argument that the trial court erred in reducing its request for costs and fees without proper authority. If so, however, the Commonwealth's challenge is more properly directed to the

discretionary aspects of the sentence. ***See Commonwealth v. Boyd***, 73 A.3d 1269, 1273-74 (Pa. Super. 2013) (*en banc*) (distinguishing between legality and discretionary sentencing challenges to the imposition of a fine).

This Court has on one occasion suggested that Rule 706(C) does not apply at the time of sentencing, but that decision was reversed on other grounds by the Pennsylvania Supreme Court. ***Commonwealth v. Ciptak***, 657 A.2d 1296, 1298 (Pa. Super. 1995), *rev'd on other grounds*, 665 A.2d 1161 (Pa. 1995).[5] However, the language of Rule 706(C) does not limit itself to post-sentence defaults. Moreover, other statutes suggest that Rule 706(C) permits the trial court to consider the burden of the amount of costs in light of a defendant's financial means. For example, 42 Pa.C.S. § 9721(c.1) addresses the imposition of mandatory payment of costs at sentencing and states:

> Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the [sentencing] alternatives set forth in subsection (a), the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. **The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs).**

---

[5] We also note that the two other panel judges in ***Ciptak*** concurred in the result. The Pennsylvania Supreme Court reversed in a *per curiam* order because the public defender's office represented the defendant at trial and on his claim that trial counsel was ineffective. ***Ciptak***, 665 A.2d at 1161.

42 Pa.C.S. § 9721(c.1) (emphasis added). Section 9728, which addresses

collection, similarly states:

> **(b.2) Mandatory payment of costs.**—Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant,[6] the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), **unless the court determines otherwise pursuant to Pa.R.Crim.P. No. 706(C) (relating to fines or costs)**. The absence of a court order shall not affect the applicability of the provisions of this section.

42 Pa.C.S. § 9728(b.2)(emphasis added).

In light of the foregoing, we conclude that the trial court retains some

discretion under Rule 706(C) "in determining the amount and method of

payment of a fine or costs." Pa.R.Crim.P. 708(C). Accordingly, the

Commonwealth's claim that the trial court lacked a proper basis to reduce

the request for costs and fees lacks merit as the trial court clearly

considered the burden on Appellee based on his financial means and

compromised ability to pay. **See Commonwealth v. Church**, 522 A.2d 30,

---

[6] Section 9728(a)(1) states, in part:

> A sentence, pretrial disposition order or order entered under section 6352 (relating to disposition of delinquent child) for restitution, reparation, fees, costs, fines or penalties shall, together with interest and any additional costs that may accrue, be a judgment in favor of the probation department upon the person or the property of the person sentenced or subject to the order.

42 Pa.C.S. § 9728(a)(1).

33-34 (Pa. 1987) (holding that the trial court erred in reducing mandatory fine from $13,517.50 to $3,000.00 for overweight vehicle where, in part, there was "no claim of total indigency and no threat of incarceration," but noting reasonable installment plan would avoid any constitutional infirmity). Moreover, the Commonwealth has failed to preserve a discretionary aspect of sentence claim directed towards the trial court's determination of the burden on Appellee and the amount of costs and fees, or argue that the trial court's findings constituted an abuse of discretion. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Solano joins the Memorandum.

Judge Stabile files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017